## BABJAK v IVANIK; et

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 28, 1930

Wirt & Gunlefiger, Youngstown, for Babjak.

Aaron Esterly, H. G. Bye and Wirt & Gunlefinger, all of Youngstown, for Ivanik, et.

ROBERTS, J.

That part of the undivided interest in the land owned by the wife at her decease and which came to her by purchase, would descend to her surviving husband under the provisions of **8574 GC.** That part which came to her by descent from her husband would pass under the provisions of **8577 GC.** one-half to the brothers and sisters, as the case might be, of the first deceased husband, and one half to the brothers and sisters, as the case might be of the surviving wife now deceased.

The industry of counsel failed to discover authorities very directly in point or decisive of this issue, and the court has likewise been unable to discover any very close authority for determination of the propositions involved. Upon one side it was claimed that the wife having deeded her second husband the undivided one-half interest in the whole tract of land, one-half of which she owned by purchase and one-half of which came by descent from her first husband, without any designation or further description as to what interest she was conveying, there was a presumption in law that she would convey that part which came to her by purchase. On behalf of other parties interested it was claimed that the presumption would be that she was conveying that part in which her relatives had special estate; that is, that part which came by descent from her husband.

We fail to find foundation for any presumption in this matter as claimed upon either side. We think that the proper disposition of this matter and the interests as they developed by reason of this complication of circumstances is that when the wife died, owning the whole tract, one-half of which having originally come to her by purchase, and one half by descent from her husband, and which if not disposed of by her in her lifetime would go one-half to her sisters and one-half to the surviving sister of the first husband; that these different and respective undivided interests became thoroughly commingled in an admixture of the two undivided parts or interests, and that when a conveyance was made of an undivided one-half interest in the whole tract that it conveyed proportionate amounts of these two separate kinds of ownership, if they may be so designated.

After the death of the first husband the wife owned the one-half that she previously owned by purchase and the other half came by descent from the husband and was subject to the provisions of **8577 GC.** She deeded away a one-half interest of the whole. Previous to so doing one half of the tract was subject to the provisions of **8577 GC.** and if not disposed of by the wife would go to these relatives. The result was that she deeded away one-half of what she acquired by purchase, and one-half of that which came by descent from her husband, leaving in her ownership one-half of the one-half, or one-fourth, of this land, subject to the provisions of **8577 GC.** and at her death this one-fourth descended, one-half to her husband's sister, Mary Hutera, that is one-half of the one-fourth, or one-eighth, and the other one-half of the one-fourth, or one-eighth, descended to the two sisters of the wife, Anna Jasebova and Lotta Babjak, an undivided interest of one-sixteenth each. The balance of the tract, an undivided interest to the surviving husband, Stephen Ivanik, so that our conclusion is that Stephen Ivanik owned three-fourths of this property, Mary Huerta, one-eighth and Lotta Babjak and Anna Jasebova each one-sixteenth in undivided interests.